IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN PIERONI, BRIAN ALLEN, STEVE GIBBS AND MARK GIBBS, Individually and as Heirs at Law to the Estate of Ivan Earl Allen, Deceased<br>　　Plaintiffs<br><br>vs.<br><br>SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE MANAGEMENT, LLC, JOHNSON COUNTY, TEXAS, SHERIFF BOB ALFORD, JOHN DOE 1-5 and JANE DOE 1-5<br>　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 3:13-CV-04089-M |

**APPENDIX IN SUPPORT OF DEFENDANTS' RESPONSE
TO PLAINTIFFS' MOTION TO COMPEL [DOC. 72]**

Exhibit A; Pages 2-4:   Affidavit of Captain William Forson
Exhibit B; Pages 5-6:   Affidavit of Jennifer Lyon
Exhibit C; Pages 7-8:   Affidavit of Doris Honea
Exhibit D; Pages 9-14   Correspondence to Plaintiff's counsel

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Tony L. Schaffer
　　　　　　　　　　　　　　　　　　Tony L. Schaffer
　　　　　　　　　　　　　　　　　　State Bar No. 17720880
　　　　　　　　　　　　　　　　　　SCHAFFER LAW OFFICE, P.C.
　　　　　　　　　　　　　　　　　　1921 Lohmans Crossing, Suite 100
　　　　　　　　　　　　　　　　　　Austin, Texas 78734
　　　　　　　　　　　　　　　　　　(512) 261-1235 – Telephone
　　　　　　　　　　　　　　　　　　(512) 857-6518 – Facsimile
　　　　　　　　　　　　　　　　　　Email: tschaffer@sstexaslaw.com
　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR DEFENDANTS
　　　　　　　　　　　　　　　　　　SOUTHWESTERN CORRECTIONAL, LLC,
　　　　　　　　　　　　　　　　　　LASALLE MANAGEMENT COMPANY, LLC,
　　　　　　　　　　　　　　　　　　JOHNSON COUNTY, TEXAS and SHERIFF
　　　　　　　　　　　　　　　　　　BOB ALFORD**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN PIERONI, BRIAN ALLEN, STEVE GIBBS AND MARK GIBBS, Individually and as Heirs at Law to the Estate of Ivan Earl Allen, Deceased<br>    Plaintiffs<br><br>vs.<br><br>SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE MANAGEMENT, LLC, JOHNSON COUNTY, TEXAS, SHERIFF BOB ALFORD, JOHN DOE 1-5 and JANE DOE 1-5<br>    Defendants | § § § § § § § § § § § § § § § § | CIVIL NO. 3:13-CV-04089-M |

## AFFIDAVIT OF CAPTAIN WILLIAM FORSON

STATE OF TEXAS     §
                                §
COUNTY OF JOHNSON    §

      Before me this day appeared William Forson, known to me personally, and upon his oath, provided the following testimony:

      1.   "My name is William Forson. I am a Captain at the Johnson County Correctional Center. I am over 18 years of age, have identified myself by presenting my driver's license, have not been convicted of a felony or a crime of moral turpitude and am competent to make this affidavit. As the Captain, I am required to have knowledge regarding operations and documents of the Johnson County Correctional Center (the Center), I have access to the records of the Center, I have personal knowledge of the facts stated herein and I certify that such facts are true and correct."

      2.   "If I am requested to produce all grievance forms submitted by any inmate for the last five years, I cannot determine the date to start or end the search. Additionally, these grievances would cover any subject from not receiving a piece of copy paper, to not being allowed visitation, to disciplinary decisions, and all other issues that inmates can complain about. Some of these documents include inmate health and medical information. Many of the documents include family issues of the inmate. I estimate that it would take me or other staff at the facility approximately 80 hours to gather those documents and it could take several weeks to redact and protect information in those forms, once I am advised what documents to search for.

3. "If I am requested to produce all records of all jail deaths for Johnson County the last five years, I cannot determine the date to start or end the search. We would be required to understand what is meant by "jail death" and "all records of all jail deaths" and then we would have to search for any record that relates to any such inmate. If I can determine those factors, I estimate that it would take staff 2 hours to determine what records to search for, and then approximately 10 hours to locate records in storage facilities, and another 10 hours to produce such records, without counting any time required to redact private information on those records.

4. "If I am requested to produce all medical records of any inmate that was transported to the hospital and later died at the hospital from January 1, 2009 to the present, I have no way to identify which inmates later died at the hospital over this 7 years of time. If I had a list of inmates that could be used for the search, I estimate that it would take somewhere between 2 and 4 hours to search for each set of records, another 2 hours to gather and produce those records for each inmate, without counting any time needed to redact private information on those records.

5. "If I am requested to produce all records which reflect identities and last known contract information for any inmate that was a cell mate with Ivan Allen, I would need to know which of the approximately 34 periods of incarceration that are being requested, and then I would have to determine if those records still exist. If this request relates to Ivan Allen's last incarceration in October of 2011, I believe that it would require approximately 80 hours to gather that information. To locate all other records that might identify each such inmate would takes weeks or months of work to locate all of those files and review each such file.

6. "If I am requested to produce all records which identifies all employees who were on duty each day that Ivan Allen was incarcerated, I would need to know which of the approximately 34 periods of incarceration that are being requested, and then I would have to determine if those records still exist, and then I would have to determine which documents to gather and organize to determine which employees are no longer employed. If this request relates to Ivan Allen's last incarceration in October of 2011, I can organize and produce information that shows the name of each such officer or medical staff in approximately 50 hours.

7. "If I am requested to produce all documents that identify all inmates who died during or immediately after incarceration from 2009 to the present, I would need to know the meaning of "died immediately after incarceration", and then I would have to determine which former inmates have died, and then determine which inmate records may be applicable. I estimate that it would take approximately 5 hours to locate each such file in storage.

8. "Management and staff at the Johnson County Correctional Center reach agreements with Johnson County representatives or Sheriff Department representatives on the operations and management of the jail basically every day, and it would be impossible to organize or categorize those discussions and decisions made.

*William Forson* (signature)
William Forson, Captain

SUBSCRIBED AND SWORN TO before me, on this the 21st day of April, 2014, to certify which witness my hand and seal of office.



*Ashlie Chambers* (signature)
Notary Public in and for the State of Texas

Ashlie Chambers
Printed Name of Notary

My Commission Expires: 11/18/18

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN PIERONI, BRIAN ALLEN, STEVE GIBBS AND MARK GIBBS, Individually and as Heirs at Law to the Estate of Ivan Earl Allen, Deceased<br>    Plaintiffs | § § § § § § § | |
| vs. | § § | CIVIL NO. 3:13-CV-04089-M |
| SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE MANAGEMENT, LLC, JOHNSON COUNTY, TEXAS, SHERIFF BOB ALFORD, JOHN DOE 1-5 and JANE DOE 1-5<br>    Defendants | § § § § § § | |

## AFFIDAVIT OF JENNIFER LYON

STATE OF TEXAS    §
                  §
COUNTY OF JOHNSON §

Before me this day appeared Jennifer Lyon, known to me personally, and upon her oath, provided the following testimony:

1. "My name is Jennifer Lyon. I am the First Assistant County Auditor of Johnson County, Texas. As the First Assistant County Auditor for Johnson County, I am required to have knowledge regarding operations and documents of the Johnson County Correctional Center (the Center), I have access to the records of the Center, I have personal knowledge of the facts stated herein and I certify that such facts are true and correct."

2. "If I am requested to produce all records and supporting detail records that reflect income to Johnson County from other governmental entities for housing of inmates from January 1, 2011 through December 31, 2105, my office would be required to search for and review electronically maintained documents, search for and review hard copy documents, search for and review documents kept at a remote location and it would take an estimated time period of 40 hours to gather such records.

3. "If I am requested to produce all records and supporting detail records reflecting costs to Johnson County for providing medical treatment, including payments for costs of medicine and other medical treatments and expenses from other providers, including but not limited to

1

hospitals, clinics, suppliers of medicines, disposables, and durable medical equipment from January 1, 2011 to December 31, 2015, my office would be required to search for and review electronically maintained documents, search for and review hard copy documents, search for and review documents kept at a remote location and it would take an estimated time period of at least 100 hours of labor to gather such records.

4. "If I am requested to produce all reports, summaries or lists reflecting monies received by Johnson County and/or Sheriff Alford from any state or federal agency or source reflecting payment for housing inmates from other jurisdictions, including any separate reimbursement for medical treatment and care on a monthly and annual basis from 2009 to the present, my office would be required to search for and review electronically maintained documents, search for and review hard copy documents, search for and review documents kept at a remote location and it would take an estimated time period of 20 hours of labor to gather such records and the supporting detailed records.

Jennifer Lyon

SUBSCRIBED AND SWORN TO before me, on this the 21 day of April, 2016, to certify which witness my hand and seal of office.

Rexann Knowles
Notary Public in and for the State of Texas

REXANN KNOWLES
Notary Public
STATE OF TEXAS
My Comm. Exp. Feb. 22, 2018

Rexann Knowles
Printed Name of Notary

My Commission Expires: 2-22-18

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN PIERONI, BRIAN ALLEN, STEVE GIBBS AND MARK GIBBS, Individually and as Heirs at Law to the Estate of Ivan Earl Allen, Deceased<br>　　Plaintiffs | § § § § § § § | |
| vs. | § § | CIVIL NO. 3:13-CV-04089-M |
| SOUTHWESTERN CORRECTIONAL, LLC d/b/a LASALLE MANAGEMENT, LLC, JOHNSON COUNTY, TEXAS, SHERIFF BOB ALFORD, JOHN DOE 1-5 and JANE DOE 1-5<br>　　Defendants | § § § § § § | |

## AFFIDAVIT OF DORIS HONEA

| | |
|---|---|
| STATE OF LOUISIANA | § § |
| LINCOLN PARISH | § |

Before me this day appeared Doris Honea, known to me personally, and upon her oath, provided the following testimony:

1. "My name is Doris Honea. I am employed by LaSalle Management Company LLC in their accounting department. I am over 18 years of age, have identified myself by presenting my driver's license, have not been convicted of a felony or a crime of moral turpitude and am competent to make this affidavit. In my accounting role with LaSalle Management, I am required to have knowledge regarding documents and accounting information for the Johnson County Correctional Center, I have access to those records of the Center, I have personal knowledge of the facts stated herein and I certify that such facts are true and correct."

2. "If I am requested to produce all records, including supporting records, of all expenditures for medical treatment of inmates for Johnson County, on a monthly and yearly basis, from 2009 to the present, my office would be required to research computer and paper files, including closed storage documents, and it would take an estimate time period of 80 hours to gather such records and organize them for production.

3. "If I am requested to produce all records, including supporting records, of all costs of LaSalle for providing medical treatment, including payments to on-staff nurses and doctors, costs

1

7

of medicine and other medical treatments, and expenses from other providers, including but not limited to hospitals, clinics, supplies of medicine, disposables, and durable medical equipment from January 2011 through December 2015, my office would be required to organize the information and records and it would take an estimate time period of 8 hours to gather such records.

4. "If I am requested to produce all reports, summaries or lists of money paid by Johnson County and/or Sheriff Alford to LaSalle or paid by LaSalle to Johnson County from January 2009 to the present, my office would spend an estimate time period of 8 hours to gather such records.

_____
Doris Honea

SUBSCRIBED AND SWORN TO before me, on this the 21st day of April, 2016, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of Louisiana

_____
Printed Name of Notary

My Commission Expires: _____

# SCHAFFER LAW OFFICE
A Professional Corporation

1921 Lohmans Crossing, Suite 100
Austin, Texas 78734

Telephone: (512) 261-1235
Facsimile: (512) 857-6518

**Tony L. Schaffer**
Attorney at Law

E-mail: tschaffer@sstexaslaw.com

April 20, 2016

*Via email: emil@texaslaw.com*

Emil Lippe, Jr.
Lippe & Associates
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, TX 75201

      RE: Civil Number 3:13-CV-04089; *Bonnie Allen-Pieroni, Brian Allen, Steve Gibbs and Mark Gibbs, Individually and as heirs at law to the Estate of Ivan Earl Allen, Deceased vs. Southwestern Correctional, LLC d/b/a LaSalle Southwest Corrections, LaSalle Management, LLC, Johnson County, Texas, Bob Alford, John Doe 1-5 and Jane Doe 1-5* – In the U. S. District Court, Northern District of Texas, Dallas Division

Dear Emil:

      This letter is to guide us in discussing the Requests that you have put into your Motion to Compel and my objections to those Requests.

      <u>Request for Production No. 3:</u>

      Request 1: You have asked for all grievance forms filed by any inmate for any reason over some undesignated 5 year period of time. If you will agree to restrict the subject matter to the stated Argument in your Motion to Compel, being grievances about refusal of medicine and medical care, the facility will produce those grievance forms for the years of 2010 and 2011 in a redacted form that protects personally identifiable information. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

      Request 3: You have asked for all records of all jail deaths for an undesignated 5 year period of time. The facility will produce to you the Custodial Death Reports that were filed with the Texas Commission on Jail

Standards, redacted to protect personally identifiable information, for the time period of 2007-2012. I cannot agree to produce you <u>all</u> records relating to any inmate that died while in the custody of Johnson County, which would necessarily include medical records, family information, and other private information of each such inmate and his family. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 7: You have asked for all records reflecting income to Johnson County for housing inmates from other governmental entities for a period of five years, from January 2011 through December 2015. Since your client was housed in the jail only in the month of October of 2011, your request is overly broad in time and scope. Additionally, any and all documents showing any money paid to Johnson County for housing inmates has no reasonable relationship to this case or to your allegations. If your allegation is that Johnson County fails to spend sufficient funds on inmate medical care, any income available to the County would have no relationship to whether the County is providing constitutionally adequate medical care. You are simply fishing for documents hoping to find some support that someone has made a decision not to provide medical care due to cost concerns. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 8: You have requested all records for any costs of Johnson County for medical treatment for inmates at the jail over a 5 year period, from January 2011 through December 2015. Since your client was housed in the jail only in the month of October of 2011, your request is overly broad in time and scope. Further, your request seeks a huge range of documents, from staffing pay stubs to receipts for incidental supplies,(i.e. documents relating to the costs of band-aids) which have no reasonable relationship to this case or to your allegations that the facility is not providing constitutionally adequate medical care. You are simply fishing for documents hoping to find some support that someone has made a decision to not provide medical care due to cost concerns. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 9: You have requested all records for any costs of LaSalle for medical treatment for inmates at the jail over a 5 year period, from January 2011 through December 2015. Since your client was housed in the jail only in the month of October of 2011, your request is overly broad in time and scope. Further, your request seeks a huge range of documents, from staffing pay stubs to receipts for incidental supplies, (i.e. documents relating to the costs of band-aids) which have no reasonable relationship to this case or to your allegations that the facility is not providing constitutionally adequate medical care. You are simply fishing for documents hoping to find some support that someone has made a decision to not provide medical care due to cost concerns. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request for Production No. 4:

Request 1: You have requested all medical records of inmates that were transported to the hospital and later died at the hospital for the time period of January 2009 to the present (over 7 years). Your request is overbroad in scope and time and seeks discovery in violation of federal law and privacy rights of other inmates, including medical information and family information. Moreover, this request literally requires the facility to hunt down and research each former inmate from a 7 year period who may have died during some undefined period of time after they left the facility and then produce to you <u>all</u> records relating to that inmate, regardless of his/her cause of death. I must stand on my objections. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 5: You have requested all contracts and agreements between Johnson County, Sheriff Alford and LaSalle from 2009 to the present (over 7 years). You have not limited the subject matter or type of agreements you are seeking. You have received every formal written agreement and/or contract between these parties relating to the operations of the Johnson County facility as issue, but these parties enter into informal discussions or "agreements" basically every day in the operations of the jail. Every note, email or other notation of a decision made could be determined to be an "agreement", therefore my objections to your request, including objections of overly broad and unduly burdensome are proper. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 6: You have requested all reports, summaries or lists of money paid by Johnson County and/or Sheriff Alford to LaSalle from January 1, 2009 to the present (over 7 years). This has nothing to do with inmate care and my objections are proper. If your allegation is that LaSalle fails to spend sufficient funds on inmate medical care, any income available to LaSalle would have no relationship to whether LaSalle is providing constitutionally adequate medical care. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 7: You have requested all reports, summaries or lists of money paid by LaSalle to Johnson County and/or Sheriff Alford from January 1, 2009 to the present (over 7 years). This has nothing to do with inmate care and my objections are proper. If your allegation is that Johnson County and/or Sheriff Alford fails to spend sufficient funds on inmate medical care, any income available to the County or the Sheriff would have no relationship to whether the County and/or Sheriff is providing constitutionally adequate medical care. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 8: You have requested all reports, summaries or lists of money received by Johnson County and/or Sheriff Alford from any state or federal

source reflecting payment for housing inmates, on a monthly and annual basis January, 2009 to the present (over 7 years), including any separate reimbursements for medical care and treatment. This has nothing to do with the costs of inmate care and my objections are proper. If your allegation is that Johnson County and/or Sheriff Alford fails to spend sufficient funds on inmate medical care, any income available to the County or the Sheriff would have no relationship to whether the County and/or Sheriff is providing constitutionally adequate medical care. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 9: This request is the same basic request as Request 9 in Plaintiff's Third Request for Production. You have requested all records for any costs for medical treatment for inmates at the jail over a 7 year period, from January 2009 through the present. Your client was housed in the jail only during the month of October of 2011, and therefore, your request is overly broad in time and in scope. Your request seeks a huge range of documents, from staffing pay stubs to receipts for incidental supplies, (i.e. documents relating to the costs of band-aids) which have no reasonable relationship to this case or to your allegations. If your allegation is that LaSalle, Johnson County and/or Sheriff Alford fails to spend sufficient funds on inmate medical care, the overall costs of inmate medical treatment would have no relationship to whether LaSalle, the County and/or Sheriff is providing constitutionally adequate medical care. You are simply fishing for documents hoping to find some support that someone has made a decision to not provide medical care due to cost concerns. If you propose a method to limit your discovery request, I would be glad to discuss that with you.

Request 10: You have requested all documents reflecting the identities and contact information of any person who was a cellmate of Ivan Allen. You know that Ivan Allen was an inmate in the Johnson County Correctional Center on 34 different occasions, but your request is unlimited in time. If you are referring to his last incarceration, which was in the month of October 2011, you need to limit your request to that period of time. Also, your request for all documents reflecting the names of inmates is overbroad and unduly burdensome. I believe that you are actually seeking the identities and contact information for any cell mate of Mr. Allen during his last incarceration. This information could have simply been requested through interrogatory and avoided the unnecessary expense/burden and invasion of privacy associated with producing the entirety of other inmates' jail records. Accordingly, if you agree to withdraw this request for production, we will provide you with a list of the names and last known contact information of the cell mates of Ivan Allen during his last incarceration period.

Request 12: You have requested any documents which identify any jailers or medical staff that were working at the facility during each day that Ivan Allen was incarcerated, and that are no longer employed by Johnson County and/or Bob Alford. Ivan Allen was an inmate in the Johnson County Correctional

Center on 34 different occasions, but your request is unlimited in time. If you are referring to his last incarceration, which was in the month of October 2011, you need to limit your request to that period of time. At present, you are essentially asking for all documents with identity and/or contact information for anyone who was employed at the facility during any of the 34 incarceration periods of Mr. Allen but are no longer employed. This request is clearly overbroad and unduly burdensome. Additionally, this request seeks information from the employment files of third parties and violates their right to privacy, particularly with regard to their medical and familial information. We have previously produced to you records that show which employees were working during each day of the month of October 2011. Those documents were produced to you with the agreement the we would be entering into a confidentiality agreement to protect the information in those documents, which has not yet been done, and with the agreement that those documents were restricted to "attorneys eyes only". We believe the information that we have already produced is an appropriate disclosure of the responsive information subject to the above objections and limitations.

Request 13: You have requested all documents identifying all inmates who died during or immediately after incarceration in Johnson County from 2009 to the present (over a 7 year period). Your request is overbroad in scope and time and seeks discovery in violation of federal law and privacy rights of other inmates. Moreover, this request literally requires the facility to hunt down and research each former inmate from a 7 year period who may have died during some undefined period of time after they left the facility and then produce to you <u>all</u> records relating to that inmate, regardless of his/her cause of death. I must stand on my objections.

Request 14: You requested all grievances/complaints against Johnson County or Bob Alford regarding alleged mistreatment of inmates from 2009 to the present. Your request is overbroad in scope and time and seeks discovery in violation of federal law and privacy rights of other inmates as the requested information would contain medical and other protected information. As discussed above, if you will agree to restrict the subject matter to refusal of medicine or/and medical care, the facility will produce those grievance forms for the years of 2010 and 2011 in a redacted form that protects personally identifiable information.

Request 16: Your request seeks internal communications regarding Ivan Allen created any time during the years 2011 and 2012 between any Defendants and any of Defendants' employees. We agree to withdraw our asserted objections and produce all non-privileged, responsive documents. However, we have already produced all documents responsive to this request that have been located.

Lastly, I am uncertain what is meant by the request in Paragraph IV of your Motion to Compel that I provide a "written certification" regarding missing

documents. However, please be advised that my clients and I have made additional searches for any jail records that may have previously been missed in our production. In that process, we located a few pages of documents from years ago, however no additional responsive documents from Mr. Allen's recent jail records were located. I will be producing these few pages to you under separate cover.

        Sincerely,

        /s/ Tony L. Schaffer

        Tony L. Schaffer

TLS/sed

14