IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN-PIERONI, BRIAN ALLEN, STEVE GIBBS, and MARK GIBBS, individually and as heirs at law to the Estate of IVAN EARL ALLEN, DECEASED, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:13-cv-4089-M |
| SOUTHWESTERN CORRECTIONAL, LLC, d/b/a LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; JOHNSON COUNTY, TEXAS; BOB ALFORD; JOHN DOES 1-5; and JANE DOES 1-5, | § § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Bonnie Allen-Pieroni, Brian Allen, Steve Gibbs, and Mark Gibbs, individually and as heirs at law to the Estate of Ivan Earl Allen, deceased (collectively, "Plaintiffs"), have filed a Motion to Compel Discovery (the "MTC"), seeking an order compelling production of documents from Defendants, Southwestern Correctional, LLC, d/b/a LaSalle Southwest Corrections, LaSalle Management Company, LLC, Johnson County, Texas, and Bob Alford (collectively, "Defendants"). *See* Dkt. No. 72.

Chief Judge Barbara M. G. Lynn referred the MTC to the undersigned United States magistrate judge for determination. *See* Dkt. No. 73.

-1-

Defendants filed a response, *see* Dkt. No. 76; Plaintiffs filed a reply, *see* Dkt. No. 79; the parties then filed a Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel, *see* Dkt. No. 80; and the Court heard oral argument on the MTC on May 2, 2016, *see* Dkt. No. 81.

For the reasons and to the extent explained at oral argument and below, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel Discovery [Dkt. No. 72].[1]

## Background

Plaintiffs are the adult children of Ivan Allen, Deceased. Ivan Allen was a pretrial detainee at the Johnson County Law Enforcement Center for a probation violation from the date of his arrest on October 9, 2011 until October 26, 2011 when he was taken to the Walls Regional Hospital. Mr. Allen was later transported to the Texas Health Harris Methodist Hospital in Fort Worth, Texas, where he died on October 30, 2011.

According to Defendants, Mr. Allen had been in and out of this jail on 34 separate occasions spanning back to 1974, but the facts and circumstances of this lawsuit relate to his most recent period of detainment for the 17-day period during the month of October 2011.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Plaintiffs' Second Amended Complaint alleges (i) violations of the Eighth and Fourteenth Amendments of the United States' Constitution, (ii) state law claims of wrongful death, and (iii) claims under the Texas Torts Claims Act. Plaintiffs allege that Defendants adopted and implemented in the jail policies and procedures that resulted in inadequate medical care provided to the detainees. Defendants include (1) Southwestern Correctional LLC, a Texas limited liability company which operates the jail under contract with Johnson County, Texas; (2) Johnson County, Texas; (3) Johnson County Sheriff Bob Alford; and (4) LaSalle Management Company, LLC, a Louisiana limited liability company that provides support services to Southwestern Correctional, LLC. The Johnson County Correctional Center is the county jail for Johnson County, Texas and consists of 872 beds ranging from minimum to maximum security levels.

On January 1, 2016, Plaintiffs' counsel served Plaintiff's Third Request for Production on Defendants. On February 8, 2016, Defendants served their Objections and Responses to Plaintiffs' Third Request for Production. According to Plaintiffs, Defendants represented to Plaintiffs that documents would be produced, but, as of the date of the MTC's filing, no documents have been produced. Plaintiffs further complain that Defendants have injected certain objections to discovery, which Plaintiffs ask that the Court overrule.

On February 5, 2016, Plaintiffs served their Fourth Set of Requests for Production. On March 7, 2016, Defendants served their responses and objections to the Fourth Request. According to Plaintiff, during the course of the depositions of two of

the nurses employed by Defendants, both witnesses testified that significant documents are missing that are supposed to be in the files, and Plaintiffs have been unable to obtain a definitive affirmation from Defendants that they have in fact produced all jail records relating to the decedent Ivan Allen, which Plaintiffs contends are central to the issues involved in this case.

Defendants responded that the parties are continuing to discuss resolution of various aspects of Plaintiffs' discovery requests in an attempt to limit the issues in dispute. But Defendants ask the Court to sustain Defendants' objections, and where appropriate, grant Defendants protection against the overly broad and unduly burdensome requests and those requests which seek the production of the private and protected information of third parties who are not a party to this cause.

In reply, Plaintiffs assert that they have made every effort to obtain voluntary and cooperative discovery in this case and have been hindered by delays. According to Plaintiffs, it was not until after the MTC was filed, was referred to the undersigned for determination, and an expedited briefing schedule ordered that an attempt was made to confer regarding discovery disputes. Plaintiffs explain that they have offered to narrow the categories of the requests in response to the explanations and discussions first received from Defendants on April 20, 2016.

Plaintiffs report that they readily recognize that, under the amended discovery rules, the Court must consider whether the requested discovery is proportional to the needs of the case, and the parties' relative access to relevant information and that they urge that the requested discovery, narrowed to the extent set forth in an April 21,

2016, letter, is clearly reasonably calculated to lead to the discovery of relevant evidence, and proper taking into consideration these factors.

In particular, Plaintiffs contend that Defendants are arguing that Plaintiffs must prove "deliberate indifference" on their part in failing to provide adequate medical treatment for Ivan Allen and that this is, admittedly, a difficult standard, which requires full and complete discovery to determine the information available to Defendants concerning Ivan Allen's condition. According to Plaintiffs, discovery to date has established that for inmates to receive any sort of medical care or treatment, they are required to fill out a form requesting medical treatment, which is then evaluated by a nurse on staff before even a simple over the counter medication is provided, and that there are no written standards by which the nurse makes such determination. Plaintiffs report that the nurses whose depositions have been taken to date have testified that documents that are required to be part of the process of determining access to medical care are missing from the files and that one of the nurses, Cynthia Lewis, conceded that if an inmate was in bad condition, a guard should have reported his need for care.

A few hours before the oral argument on May 2, 2016, the parties filed a Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel, reporting that they had resolved most of the issues remaining in the MTC. *See* Dkt. No. 80.

### Legal Standards

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an

order compelling production against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34. *See* FED. R. CIV. P. 37(a)(3)(B)(iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In response to a Rule 34 request, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." FED. R. CIV. P. 34(b)(2)(C). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). A party who has objected to a discovery request must, in response to a motion to compel, urge and argue in support of his objection to a request, and, if he does not, he waives the objection. *See Dolquist v. Heartland*

*Presbytery*, 221 F.R.D. 564, 568 (D. Kan. 2004); *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999).

Federal Rules of Civil Procedure Rules 26(b) and 34(b) have been amended, effective December 1, 2015. Rule 26(b)(1) now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 34 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 34, as amended, to Plaintiffs' MTC is both just and practicable.

Further, for the reasons the Court has recently explained, the Court concludes that the amendments to Rule 26 do not alter the burdens imposed on the party resisting discovery discussed above. *See Carr v. State Farm Mutual Automobile Insurance Company*, 312 F.R.D. 459, 463-69 (N.D. Tex. 2015). Rather, just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court can – and must – limit proposed discovery that it determines

is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Thus, as amended, Rule 26(b)(2)(C) provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C).

But a party seeking to resist discovery on these grounds still bears the burden of making a specific objection and showing that the discovery fails the proportionality calculation mandated by Rule 26(b) by coming forward with specific information to address – insofar as that information is available to it – the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The party seeking discovery, to prevail on a motion to compel, may well need to make its own showing of many or all of the proportionality factors, including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, in opposition to the resisting party's showing.

And the party seeking discovery is required to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Rule 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification." FED. R. CIV. P. 26(g)(1)(B), 26(g)(3); *see generally Heller v. City of Dallas*, 303 F.R.D. 466, 475-77, 493-95 (N.D. Tex. 2014).

But the amendments to Rule 26(b) do not alter the basic allocation of the burden on the party resisting discovery to – in order to successfully resist a motion to compel – specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of relevance (as now amended) or that a discovery request would

impose an undue burden or expense or is otherwise objectionable. *See McLeod*, 894 F.2d at 1485; *Heller*, 303 F.R.D. at 483-93.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party ... whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," except that "the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). Rule 37(a)(5)(B)-(C) further provide in pertinent part that, "[i]f the motion is denied, the court ... must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," "[b]ut the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust," and that, "[i]f the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(B)-(C).

## Analysis

I.   <u>Plaintiffs' Third Request for Production ("RFP") No. 1 and Fourth RFP No. 14</u>

Plaintiffs' Third RFP No. 1 seeks production of "[a]ll grievance forms filled out and submitted by any inmates of the Johnson County facility in the last five (5) years." Plaintiffs' Fourth RFP No. 14 seeks production of "[a]ll grievances or complaints filed against Johnson County and/or Bob Alford concerning alleged mistreatment of inmates, from 2009 to present."

As to these requests, Defendants explain that the requests are unnecessarily overbroad in time and scope in that they seek grievance documents that are completely unrelated in nature to the subject matter of this case and invade the privacy and protected interests of inmates who are not a party to this case. Defendants contends that, while Plaintiffs' motion states that they want these documents in order to attempt to establish a pattern in refusing improper medical care to inmates, they have not limited their requests to that subject matter. Accordingly, Defendants have offered to produce grievance forms regarding the refusal of medical care for the year of the Mr. Allen's incarceration and death and the prior year in a redacted form that protects the personally identifiable information of the inmates.

In reply, Plaintiffs explain that they have offered to limit this category to grievances involving the subject matter of grievance forms to refusal of medicine, medical care and treatment, and access to a physician or other health facility, for the years 2009 through 2012, and argue that Defendants are "playing dumb" in pretending not to know about such grievances. Plaintiffs contend that production of these

grievances will enable Plaintiffs to prove the "conscious" and "deliberate" indifference exhibited by Defendants with respect to medical care for inmates and that identification of such persons is essential so that further depositions may be obtained to support their complaints and to produce admissible evidence.

In the parties' Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80] and at oral argument, the parties explained that Defendants offered to produce all grievances related to medicine and medical care for the years of 2010 and 2011 redacted to protect personally identifiable information; Plaintiffs have offered to limit this request to grievances related to refusal of medicine, medical care and treatment, and access to a physician or other health facility for years 2009 through 2012; Plaintiffs insist that Defendants identify the inmates and their complaints without redaction so that Plaintiffs can depose these inmates on their complaints; and Defendants insist that the grievances be redacted to remove any personally identifiable information but not redact any of the complaint or the response in order to protected health information.

While the Court understands Defendants' counsel's concerns, the Court determines that Plaintiffs' request for the personally identifiable information on these records is necessary, appropriate, and proportional to the needs of the case provided that an appropriate confidentiality-related protective order is in place. The protective order must comply with the Health Insurance Portability and Accountability Act" ("HIPAA") and, in particular, with the requirements of 45 C.F.R. § 164.512(e) and, among other things, provide that the parties are prohibited from using or disclosing

any protected health information for any purpose other than this litigation for which such information was requested, that Plaintiffs' counsel will limit access to the personally identifiable information to Plaintiffs' attorney and his staff (including any retained investigators) and will not publicly disclose this information without the subject inmate's permission, and that Plaintiffs' counsel will return to Defendants for destruction the protected health information (including all copies made) at the end of the litigation or proceeding. The Court ORDERS Plaintiffs' counsel and Defendants' counsel to negotiate an appropriate confidentiality agreement or protective order and to submit to the Court, by **May 16, 2016**, an agreed protective order for the Court's consideration or a notice of any confidentiality agreement into which the parties have entered. Prior to the parties' entry into a confidentiality agreement or the Court's entry of a protective order, Plaintiffs' counsel shall not disclose any of the personally identifiable information to anyone outside of Plaintiffs' attorneys and his staff (including any retained investigators).

Defendants must produce the agreed-upon information responsive to these requests, as ordered here, by **May 23, 2016**.

II.     Plaintiffs' Third RFP No. 3 and Fourth RFP No. 1

Plaintiffs' Third RFP No. 3 seeks production of "[a]ll records of all jail deaths for Johnson County in the last five (5) years." Plaintiffs' Fourth RFP No. 1 seeks production of "[a]ll medical records of inmates that were transported to the hospital and later died at the hospital, from January 1, 2009, to present."

As reported in the Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80], the parties resolved by agreement the issues in Plaintiffs' MTC as to these requests.

III.    Plaintiffs' Third RFP Nos. 7, 8, & 9 and Fourth RFP Nos. 6, 7, 8, & 9

Plaintiffs' Third RFP No. 7 seeks production of "[r]ecords reflecting income to Johnson County from other governmental entities for housing of inmates from January 1, 2011, through December 31, 2015." Plaintiffs' Third RFP No. 8 seeks production of "[r]ecords reflecting costs to Johnson County for providing medical treatment, including payments to on staff nurses and doctors, costs of medicine and other medical treatments, and expenses from other providers, including but not limited to hospitals, clinics, suppliers of medicines, disposables, and DME, from January 1,2011, through December 31, 2015." Plaintiffs' Third RFP No. 9 seeks production of "[r]ecords reflecting costs of LaSalle for providing medical treatment, including payments to on staff nurses and doctors, costs of medicine and other medical treatments, and expenses from other providers, including but not limited to hospitals, clinics, suppliers of medicine, disposables, and DME, from January 1, 2011 through December 31, 2015."

Plaintiffs' Fourth RFP No. 6 seeks production of "[a]ll reports, summaries, or lists of money paid by Johnson County and/or Bob Alford to LaSalle from January 1, 2009, to present." Plaintiffs' Fourth RFP No. 7 seeks production of "[a]ll reports, summaries, or lists of money paid by LaSalle to Johnson County and/or Bob Alford from January 1, 2009, to present." Plaintiffs' Fourth RFP No. 8 seeks production of "[a]ll reports, summaries, or lists reflecting monies received by Johnson County and/or

Bob Alford from any state or federal agency or source reflecting payment for housing inmates from other jurisdictions, including any separate reimbursements for medical treatment and care, on a monthly and annual basis, from 2009 to present." Plaintiffs' Fourth RFP No. 9 seeks production of "[a]ll records of expenditures for medical treatment for inmates of Johnson County, on a monthly basis and yearly basis, from 2009 to the present."

As to Third RFP Nos. 8 and 9 and Fourth RFP No. 9, Defendants contend that, since Mr. Allen was housed in the jail only during the month of October of 2011, the request is overly broad in time and is also needlessly overly broad and unduly burdensome in that it seeks a huge range of documents, from staffing pay stubs to receipts for incidental supplies, (i.e. documents relating to the costs of band-aids) which have no reasonable relationship to the allegations in this case. According to Defendants, the overall cost of inmate medical treatment at the facility has no relationship to whether LaSalle, Johnson County and/or Sheriff Alford are providing constitutionally adequate medical care, and medical standards are the only measure relevant to that determination. Defendants also contend that, even if this type of information were relevant, there is no basis for Defendants' use of the information at trial since the facility's necessary expenditures at any given time can vary greatly depending on the number, age, type and health conditions of inmates housed and numerous other factors, and Plaintiffs have no means by which to account for these factors in presenting such evidence, where Plaintiffs have not designated any expert to analyze or testify on these issues or present them to a jury in a usable fashion.

As to Third RFP No. 7 and Fourth RFP Nos. 6, 7, and 8, Defendants contend that the requests are completely irrelevant to the claims and issues of this case as the total income to Johnson County or LaSalle has no reasonable relationship to the adequacy of the medical care provided to Mr. Allen. According to Defendants, the only standard by which the medical care provided to Mr. Allen can be measured is by a medical standard, and, while Plaintiffs' motion contends that they are seeking this information so they can somehow extrapolate whether or not finances caused a problem with the quality of the medical care, this request does not relate to medical expense information but rather general funds paid between the Defendants. Defendants assert that the introduction of such evidence would be a red herring meant only to confuse the issues and inflame the jury, that the evidence has no relationship to what Defendants should or should not have done for Mr. Allen, and that, additionally, without all financial information on the facility as to every expense, asset or liability, Plaintiffs have no means by which to turn the use the requested information into admissible and relevant information since there will be no point of reference for the jury to use such information. Further, Defendants contend that Plaintiffs have not designated any expert witnesses who could analyze financial information and interpret it for the jury and therefore are seeking discovery that is not relevant.

Defendants additionally note that, although Mr. Allen had been in the jail on numerous occasions, the facts and circumstances at issue in this case are limited to his most recent detainment of approximately seventeen (17) days during the month of

October 2011, and, yet, Plaintiffs have asked for seven (7) years worth of financial records. Defendants request that the Court sustain their objections to these requests as it is not relevant, is unduly burdensome and not proportional to the claims being presented, and overly broad in time and scope.

In reply, Plaintiffs explain that they are seeking financial information to determine the overall costs, income, and financial considerations for the overall operation of the Johnson County Jail and the expenditures for medical care and that, if, as Plaintiffs believe, medical care is minimized, and access to a doctor is almost never granted, so that Defendants can save money, this is highly relevant to establishing the "deliberate indifference" being practiced routinely by Defendants.

Plaintiffs report that they have offered to limit the time period from 2009 through 2012 for these documents. But, Plaintiffs assert, they are hampered by lack of knowledge of how the internal reporting and record keeping was conducted for either Johnson County or LaSalle but believe that there should be some type of internal accounting and internal reporting that summarizes income for each of these entities and expenses by different categories, since medical supplies are generally different than other types of supplies for the jail, such as food, electricity, etc. Plaintiffs report that they will agree to production of summary reports so long as these have some reasonable detail that will enable Plaintiffs to determine the level of expenditures for medical treatment in comparison to the overall costs for both LaSalle and Johnson County.

The Court denies Plaintiffs' motion to compel responses to these requests and grants Defendants a protective order against further compliance with these requests. The Court determines that the information requests is not proportional to the needs of the case in view of what Plaintiffs must show to establish liability on their claims and the relative importance of this requested discovery in resolving the issues, including Plaintiffs' required showing of deliberate indifference under the governing law.

IV.    Plaintiffs' Fourth RFP No. 5

Plaintiffs' Fourth RFP No. 5 seeks production of "[a]ll contracts or agreements, including amendments, supplements, and revisions, between Johnson County and/or Bob Alford, and La Salle on the other hand, from 2009 to present."

As reported in the Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80], the parties resolved by agreement the issues in Plaintiffs' MTC as to this request.

V.    Plaintiffs' Fourth RFP Nos. 10 & 12

Plaintiffs' Fourth RFP No. 10 seeks production of "[d]ocuments reflecting identities and all contact information known for any of the persons who were cellmates of Ivan Allen." Plaintiffs' Fourth RFP No. 12 seeks production of "[d]ocuments identifying which persons on the immediately preceding list [all jailers and medical staff who were on duty each day that Ivan Allen was incarcerated at Johnson County before his death] are no longer employed by Johnson County and/or Bob Alford, and their last known contact information."

-18-

As reported in the Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80], the parties resolved by agreement the issues in Plaintiffs' MTC as to these requests.

VI.    Plaintiffs' Fourth RFP No. 13

Plaintiffs' Fourth RFP No. 13 seeks production of "[d]ocuments identifying all inmates who died during or immediately after incarceration in Johnson County, from 2009 to present."

As reported in the Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80], the parties resolved by agreement the issues in Plaintiffs' MTC as to this request.

VII.    Plaintiffs' Fourth RFP No. 16

Plaintiffs' Fourth RFP No. 16 seeks production of "[a]ll internal correspondence or communication concerning Ivan Allen written at any time in 2011 or 2012, either to or from Bob Alford, and employee of Alford or Johnson County, or any person with LaSalle."

Defendants have withdrawn their objections to this request and agreed to produce any non-privileged responsive documents. Defendants report that all responsive documents that have been located have previously been produced to Plaintiffs. Accordingly, as reported in the Joint Advisory to the Court Concerning Plaintiffs' Motion to Compel [Dkt. No. 80], the parties resolved by agreement the issues in Plaintiffs' MTC as to this request.

VIII.   Request for Certification

Plaintiffs also contended in their MTC that Defendants must certify that they have produced all records relating to Ivan Allen. According to Plaintiffs, two nurses who have been deposed have both testified that significant documents are missing from the jail records relating to Ivan Allen, directly relevant to his medical treatment or lack thereof, and it is essential that Defendants' counsel furnish a written certification that in fact a diligent search has been conducted for the documents covered by the duties to produce as part of the initial disclosures herein as well as in response to the various document requests.

Defendants respond that Plaintiffs have been advised that Defendants' counsel and Defendants themselves have both made additional searches for previously missed or overlooked jail records, that approximately 100 hours have been spent searching and researching for the few missing pages of Mr. Allen's medical file from his October 2011 detainment, and that relevant information from those few missing pages were contemporaneously recorded in another report that was produced by Defendants in their Initial Disclosures. According to Defendants, although a few pages from Mr. Allen's jail file were located, they were from previous detainments of Mr. Allen years ago; that no additional responsive documents from Mr. Allen's recent jail records were located; and that the additional pages from the previous detainments are being produced by Defendants.

This request is moot in light of Defendants' response.

IX.    <u>Rule 37(a)(5) Award of Expenses.</u>

Under Rule 37(a)(5), the Court determines that, under all of the circumstances presented here, the parties should bear their own expenses, including attorneys' fees, in connection with Plaintiff's Motion to Compel Discovery [Dkt. No. 72].

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Compel Discovery [Dkt. No. 72].

SO ORDERED.

DATED: May 2, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE