IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN-PIERONI, BRIAN ALLEN, STEVE GIBBS, and MARK GIBBS, individually and as heirs at law to the Estate of IVAN EARL ALLEN, DECEASED, | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | No. 3:13-cv-4089-M |
| SOUTHWESTERN CORRECTIONAL, LLC, d/b/a LASALLE SOUTHWEST CORRECTIONS; LASALLE MANAGEMENT COMPANY, LLC; JOHNSON COUNTY, TEXAS; BOB ALFORD; JOHN DOES 1-5; and JANE DOES 1-5, | § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART MOTION OF PLAINTIFFS
FOR LEAVE TO TAKE DEPOSITIONS**

Plaintiffs Bonnie Allen-Pieroni, Brian Allen, Steve Gibbs, and Mark Gibbs, individually and as heirs at law to the Estate of Ivan Earl Allen, Deceased ("Plaintiffs"), have filed a Motion for Leave to Take Depositions [Dkt. No. 89] (the "Motion for Leave"), seeking leave pursuant to Federal Rule of Civil Procedure 30(a)(2) to take the deposition of Eddie Williams, Kris Wusterhausen, D.O., Johnson County, Texas, Southwestern Correctional, LLC, LaSalle Management, LLC, Bob Alford, and Vernon Farthing, M.D. and an additional five depositions.

Chief Judge Barbara M. G. Lynn referred the Motion for Leave to the

undersigned United States magistrate judge for determination. *See* Dkt. No. 91.

Defendants Southwestern Correctional, LLC, LaSalle Management Company, LLC, Johnson County, Texas, and Sheriff Bob Alford ("Defendants") filed a response in opposition, *see* Dkt. No. 95, and Plaintiffs filed a reply, *see* Dkt. No. 97.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part the Motion of Plaintiffs for Leave to Take Depositions [Dkt. No. 89].

## Background

Plaintiffs are the adult children of Ivan Allen, Deceased. Ivan Allen was a pretrial detainee at the Johnson County Law Enforcement Center for a probation violation from the date of his arrest on October 9, 2011 until October 26, 2011 when he was taken to the Walls Regional Hospital. Mr. Allen was later transported to the Texas Health Harris Methodist Hospital in Fort Worth, Texas, where he died on October 30, 2011.

According to Defendants, Mr. Allen had been in and out of this jail on 34 separate occasions spanning back to 1974, but the facts and circumstances of this lawsuit relate to his most recent period of detainment for the 17-day period during the month of October 2011.

Plaintiffs' Second Amended Complaint alleges (i) violations of the Eighth and Fourteenth Amendments of the United States' Constitution, (ii) state law claims of wrongful death, and (iii) claims under the Texas Torts Claims Act. Plaintiffs allege that Defendants adopted and implemented in the jail policies and procedures that resulted

in inadequate medical care provided to the detainees. Defendants include (1) Southwestern Correctional LLC, a Texas limited liability company which operates the jail under contract with Johnson County, Texas; (2) Johnson County, Texas; (3) Johnson County Sheriff Bob Alford; and (4) LaSalle Management Company, LLC, a Louisiana limited liability company that provides support services to Southwestern Correctional, LLC. The Johnson County Correctional Center is the county jail for Johnson County, Texas and consists of 872 beds ranging from minimum to maximum security levels.

## Legal Standards

Federal Rule of Civil Procedure 30(a)(2) limits Plaintiffs to taking 10 depositions unless the parties stipulate to additional depositions or the Court grants Plaintiffs leave to exceed 10 depositions. Rule 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with [Federal Rule of Civil Procedure] 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants." FED. R. CIV. P. 30(a)(2)(A). And Federal Rule of Civil Procedure 26(b)(2)(A) provides that, "[b]y order, the court may alter the limits in these rules on the number of depositions." FED. R. CIV. P. 26(b)(2)(A).

"When a party seeks leave to take more than ten depositions, the court's decision whether to grant such leave is governed by the principles set out in" Federal Rules of Civil Procedure 26(b)(1) and 26(b)(2). *Barrow v. Greenville Indep. Sch. Dist.*, 202 F.R.D.

3

480, 482 (N.D. Tex. 2001). Federal Rule of Civil Procedure 26(b)(2)(C), as amended effective December 1, 2015, provides that, "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. 26(b)(2)(C). Rule 26(b)(1), as amended, effective December 1, 2015, now provides that, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The amendments to Rules 26 and 30 govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, in all proceedings then pending. The Court finds that applying the standards of Rules 26 and 30, as amended, to Plaintiffs' Motion for Leave is both just and practicable. Just as was the case before the December 1, 2015 amendments, under Rules 26(b)(1) and 26(b)(2)(C)(iii), a court

can – and must – limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit – and the court must do so even in the absence of a motion. *See Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011); *accord Hightower v. Grp. 1 Auto., Inc.*, No. CV 15-1284, 2016 WL 3511720, at *1 (E.D. La. Apr. 27, 2016), *reconsideration denied*, 2016 WL 3430569 (E.D. La. June 22, 2016) ("Permissible discovery extends only to that which is non-privileged, relevant to claims and defenses in the case and within the applicable Rule's proportionality limits, regardless whether those limits arise from the indistinguishable standards of Fed. R. Civ. P. 26(b)(1) and (b)(2)(C) as they existed at the time this case was filed or in those same Rules as presently configured.").

The party seeking leave under Rule 30(a)(2)(A) to take more than ten depositions must "show the necessity of all the depositions she took in reaching the prescribed limit," that is, "the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A)." *Barrow*, 202 F.R.D. at 482-83. "In other words, [the party seeking leave] must establish not only the necessity of each deposition identified in his motion (i.e., witnesses 11 through 20), but also the necessity of all the depositions he has taken or will take in reaching the prescribed limit (i.e., witnesses 1 through 10)." *MacKenzie v. Castro*, No. 3:15-cv-752-D, 2016 WL 3906084, at *5 (N.D. Tex. July 19, 2016). "And [t]he mere fact that more than ten

5

individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *Byers v. Navarro Cty.*, No. 3:09-cv-1792-D, 2011 WL 4367773, at *2 (N.D. Tex. Sept. 19, 2011) (internal quotation marks omitted).

"The rationale for such a standard is" that [h]ad [the party seeking leave] opted not to take other depositions, she could have taken the ones in question without first obtaining leave of court." *Barrow*, 202 F.R.D. at 482 (footnote omitted). The party seeking leave "should not be allowed to conduct ten" (or more) "depositions that were not subject to judicial review under the Rule [26(b)(1) and Rule] 26(b)(2) standards and then only be required to" provide specific reasons for seeking "leave to take the additional ones at issue." *Id.* at 482-83. "If this approach were condoned, a party could indirectly circumvent the cap on depositions by exhausting the maximum allotted number to take those that she could not justify under the Rule [26(b)(1) and Rule] 26(b)(2) standards, and then seeking leave to exceed the limit in order to take depositions that she could substantiate. Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay, by establishing a default limit on the number of depositions." *Id.* at 483. "This salutary purpose would be subverted unless a party who takes the maximum number of depositions allowed, and then seeks leave to conduct more, is required to show the necessity of all the depositions she took in reaching the prescribed limit in order to demonstrate" her entitlement to leave under Rule 30(a)(2)(A). *Id.*

## Analysis

In the Motion for Leave and reply in support thereof, Plaintiffs explain that they

"have previously taken depositions of [ten] witnesses, with no objections from Defendants" – specifically, of (1) Walter William Forson, (2) Angela Hudson, (3) Cynthia Lewis, (4) Richard Journeay, (5) Judith Bennett, (6) Eustolia Pena, (7) Neal Patrick Gormley, (8) Lillain Delayne Hinojosa, (9) Jesus Rubio, and (10) David Blankenship – and that "[t]hese depositions have included several present and former employees of Defendants, including nurses who provided treatment to Ivan Allen during his incarceration at the Johnson County Jail that resulted in his untimely death, and former inmates who witnessed the lack of proper treatment for Ivan Allen and the general attitude of Defendants toward the life and safety of the inmates." Dkt. No. 89 at 1-2; *see also* Dkt. No. 95 at 2 n.1; Dkt. No. 97 at 6-7.

Plaintiffs contend that "[t]he necessity for more than ten depositions in this case arises from the fact that there are three primary defendants, and that there are numerous present and former employees of Southwestern Correctional, LLC d/b/a LaSalle Southwest Corrections [] who have pertinent knowledge concerning the policies and practices of both Southwestern Correctional and of the other Defendants." Dkt. No. 89 at 2. Plaintiffs assert that, "[f]urthermore, testimony from former employees is particularly enlightening, because they are no longer in fear of losing their jobs by disclosing the shabby treatment of inmates and their medical needs." *Id.*

Plaintiffs explain that they "have sought testimony from several former inmates of the jail who witnessed the mistreatment of Ivan Allen" but "have not yet [] been able to take the depositions of designated corporate representatives of Johnson County and the corporate defendants, nor that of Sheriff Alford, or the depositions of the doctor

7

who was under contract to furnish medical services for inmates, or the designated expert witness of Defendants." *Id.*

Plaintiffs seek leave to take the following seven depositions (with notices attached to the Motion for Leave) as well as an additional five depositions: (1) Eddie Williams, the "Warden of the Jail; responsible for overall treatment of inmates"; (2) Kris Wusterhausen, D.O., the "[d]octor contracted to provide medical services for inmates"; (3) Johnson County, Texas, a Defendant; (4) Southwest Correctional, LLC, a Defendant; (5) LaSalle Management Company, LLC, a Defendant; (6) Bob Alford, Defendant; and (7) Vernon Farthing, M.D., an "[o]utside retained expert witness." *Id.* at 2-3.

In the Motion for Leave, Plaintiffs further explain that they "are seeking leave to take up to an additional five (5) depositions, because there are numerous former inmates whom Plaintiffs are attempting to locate and interview, and who are believed to have important information." *Id.* at 3. According to Plaintiffs, "[d]ue to the passage of time, and the fact that few former inmates are going to be freely available for interviews, this process is taking substantial time," but "[e]ach such deposition will be short, but the information to be obtained therefrom is of great significance." *Id.*

Plaintiffs also report that they "were unaware of any objections that Defendants had to the ongoing taking of depositions, because they have been attempting, for over six (6) weeks, the taking of these depositions, and at no time during the communications between counsel was any objection made." *Id.* Plaintiffs explain that "Defendants' counsel was aware, due to telephone conversations and the letter dated

July 20, 2016, that Plaintiffs' counsel would be on vacation from August 1-14, 2016"

and that "[i]t was not until after 6:30 p.m., on Friday, August 12, 2016, that

Defendants' counsel first raised any objection to the depositions beginning Monday,

August 15, 2016." *Id.* at 4. Plaintiffs criticize "[t]he manner in which Defendants have

strung along the attempted depositions of the organizational Defendants, and of Sheriff

Alford, whereby telephone calls are not answered, no dates are proposed,

representations of 'unavailability' are made, and then, at a time and in a manner

obviously designed to delay critical depositions even further, objections as to allowable

number of depositions are made, knowing that Plaintiffs' counsel was out of town and

unable to file any motions with this Court." *Id.* Plaintiffs contend that, despite their

"diligence in attempting to obtain dates for depositions, and multiple attempts to reach

agreement as to timing of depositions, Plaintiffs have been confronted with one delay

after another, and now this last-minute desperate ploy to delay discovery still further."

*Id.*

Plaintiffs assert that "the depositions taken by Plaintiffs to date have been

necessary to develop the critical facts of this case, in a particularly difficult situation

where the most knowledgeable witnesses are the most difficult to locate" and that

"[t]he requested depositions are absolutely critical, in the interests of justice, to enable

Plaintiffs to prepare and present their case, and Plaintiffs will be denied a fair

opportunity to present their case if such depositions are not permitted." *Id.*

Defendants, Relying on the case law and standards laid out above, respond that,

where "Plaintiffs have completed ten depositions as allowed by [Rule] 30(a)(2)(A) and

9

are now seeking leave from the Court to take an additional twelve depositions at the end of the discovery period," and where, "[t]o obtain leave from the Court for additional depositions, Plaintiffs must show good cause and necessity for every deposition they have already taken and those they wish to take in this case," Plaintiffs "have not and cannot meet that burden." Dkt. No. 95 at 1-2.

Defendants explain that, "[t]o date, Plaintiffs have noticed and completed ten depositions in this case" and that "[t]he Parties have not agreed to expand the number of depositions above the limit of 10 allowed by Rule 30(a)(2)(A), and Plaintiffs did not seek permission or leave from the Court for an expansion of the limit until the present Motion filed approximately two weeks before the close of discovery." *Id.* at 2 (footnote omitted).

Defendants contend that, "despite the brief discovery extension allowed by the Court, the ongoing search for witnesses, and ever-growing number of future depositions that Plaintiffs claimed to be 'absolutely critical,' Plaintiffs' counsel took a two-week vacation from August 1st to 15th" and that, "[a]fter business hours on Thursday, July 28, 2016, just prior to beginning vacation, Plaintiffs' counsel served seven deposition notices purporting to set all of seven of the depositions for a nine day period from August 15th to August 233rd." *Id.* at 3. According to Defendants, "[t]he deponents noticed were Defendant Sheriff Alford, corporate representatives of Johnson County and the two company Defendants, the Jail's current warden who did not work at the Johnson County Jail during Ivan Allen's incarceration, a medical doctor who contracts to provide inmate medical care at the facility, and Defendants' expert witness." *Id.* at

3 (footnote omitted). Defendants report that, "[o]n August 12, 2016, Defendants advised Plaintiffs that Defendants would not proceed with the seven depositions as noticed since the depositions are not authorized under the rules, and, out of caution, would be filing a Motion for Protective Order from the Court and attempted to confer on the Motion for Protective Order" but that "Plaintiffs then filed their Motion For Leave requesting not only the additional seven deposition identified witnesses, but also five more witnesses which apparently are still unidentified." *Id.*

Defendants more specifically contend that "Warden Eddie Williams would have no direct knowledge related to this case, but may have information useful to Plaintiff Bonnie Allen Thomas in another lawsuit that she is threatening to file"; that "Warden Williams was the Warden of the Johnson County Jail during the period when Plaintiff Bonnie Allen Thomas was detained for carrying a fully loaded weapon into the Johnson County Courthouse in violation of court orders in her custody case, in addition to other laws against carrying a weapon into the courthouse and for evading arrest"; and that "Bonnie Allen Thomas has sent Tort Claims Notices related to these events to all of the Defendants in this case and to others." *Id.* at 3 n.2.

Defendants argue that "Plaintiffs have not and can not carry their burden to demonstrate that the depositions taken to date were necessary and have not established the need for each of the twelve additional depositions they are requesting," where, "[a]s an example, one of the depositions taken by Plaintiffs was of a Sheriff's office employee who did not work at the jail until approximately two years after Ivan Allen's death, and a second deposition was of a staff member who did not start work

11

at the jail until approximately two years after Ivan Allen's death." *Id.* at 5. Defendants assert that "[t]he fact that past or future deponents are named Defendants or representatives of Defendants does not establish the necessity of their depositions." *Id.* (footnote omitted).

Defendants also argue that "Plaintiffs cannot demonstrate necessity or purpose for the five additional depositions requested for witnesses that Plaintiffs themselves still have not identified" and that "Plaintiffs clearly did not have a mutually cost-effective or efficient plan for discovery" but rather "have used much of their discovery, particularly depositions, as a fishing-expedition by which to develop a theory of liability for their claims." *Id.* Defendants contend that,

> [o]ver the three years that this case has been on file, Plaintiffs have had the ability to request discovery of documents, seek information through Interrogatories, and use other discovery devices to obtain the information that they now seek through unauthorized depositions and improper duces tecums. Despite having the burden to plan their discovery responsibly to prove their claims, Plaintiffs are seeking twelve more depositions along with extensive lists of documents that they are improperly attempting to obtain from Defendants pursuant to duces tecums. With less than two weeks left in the discovery period, Plaintiffs have not met their burden to demonstrate good cause justifying additional depositions in this case. Now, Plaintiffs not only want the Court to expand their depositions allotment for depositions of party representatives they have long known about, but they also want an allowance of five more for still unidentified fact witnesses.

*Id.* at 6.

Defendants further contend that, "in an improper attempt to circumvent the Rule 34 procedure for obtaining documents from parties, Plaintiffs have also attached duces tecums requesting extensive document production from six of the deponents

currently noticed for deposition." Dkt. No. 95 at 2. According to Defendants, these duces tecums seek "numerous categories of documents not included in previous document requests in this case," such as "an undefined number of employee personnel files for employees of all Defendants, and protected communications with Defendants' expert witness." *Id.* at 3 & n.3. Defendants contend that the duces tecums are an "attempt to circumvent proper procedure and obtain discovery that Plaintiffs failed to request in a timely fashion under the Rules," where "Rule 30(b)(2) requires that a deposition notice to a party-deponent seeking documents include a request for documents under Rule 34 – which provides a 30 day response by the party deponent" – and that "[n]one of the current depositions noticed by Plaintiffs provide an adequate time for production of documents." *Id.* at 6.

Defendants request that the Court deny Plaintiffs' Motion for Leave and grant Defendants a protective order from – or quashal of – the duces tecums.

Plaintiffs reply first that Defendants' response to the Motion for Leave "recites that it is in support of 'Defendants' Motion for Protective Order from Depositions,' which motion has not been filed," and that "Plaintiffs reserve the right to respond to such motion if and when the same is filed." Dkt. No. 97 at 1 n.1.

Plaintiffs also reply that "Defendants' counsel has engaged in ongoing stalling and delay tactics that have resulted in the present difficulties, and is now seeking to benefit from his obstructionist tactics," including delays in complying with the Court's May 2, 2016 Memorandum Opinion and Order [Dkt. No. 82] on Plaintiffs' Motion to Compel. *Id.* at 2-4. Plaintiffs explain that, "[r]ather than filing a motion to compel or

for sanctions, and mindful of the policies of the Northern District urging compliance with the Lawyers' Creed and the *Dondi* decision, a joint motion for continuance was filed," and Plaintiffs contend that "[f]or Defendants' counsel now to treat the filing of such motion as a dilatory tactic by Plaintiffs' counsel is both insulting and absolutely groundless." *Id.* at 4.

Plaintiffs also assert that, "[a]gain, being mindful of the policies of the Northern District urging compliance with the Lawyers' Creed and the *Dondi* decision, Plaintiffs' counsel attempted on numerous occasions to schedule depositions by agreement" and that "[t]he depositions sought to be taken at this time were attempted to be scheduled in June-July, and the only reason why they have not already been taken is due to delays by Defendants' counsel in compliance with this Court's May 2, 2016, Order, refusal to return telephone calls, and alleged 'unavailability' of witnesses or Defendants' counsel." *Id.* at 4, 6. Plaintiffs contend that, "[i]f counsel for Defendants was unwilling to agree to the taking of more than ten depositions, he should have raised such objection back in June, 2016, and the urgent necessity of the present motion and its expedited consideration would not have been the same"; that "[w]aiting to raise the objection until the close of business on the last business day prior to the first scheduled deposition, without an advance telephone call and while Plaintiffs' counsel was on a family vacation, was obviously intentional and calculated to cause the maximum possible delay"; and that "[s]uch gamesmanship must not be rewarded." *Id.* at 6.

Plaintiffs' reply also provides an explanation of the reasons for which Plaintiffs

have taken 10 depositions to date – which they "respectfully submit ... have all been essential to the development of their case" – and a more detailed explanation of the reasons for the necessity of the seven additional depositions that they seek leave to take. *See id.* at 6-9. As to the requested deposition of Eddie Williams in particular, Plaintiffs contend that "[t]his proposed deposition has nothing to do with the matters mentioned in Defendant's Response" and that "[t]here were no outstanding court orders allegedly violated by Bonnie Allen-Pieroni (now Thomas), and the potential lawsuit arising from Ms. Thomas' incarceration for two weeks, including solitary confinement, while the Johnson County Judge refused to set bail in violation of statutory and constitutional provisions, is irrelevant to this lawsuit, and will not be raised by Plaintiffs' counsel herein during any discovery in this case." *Id.* at 8 n.18.

Plaintiffs' reply also addresses their request for "leave to take up to an additional five (5) more depositions," which "may include, depending upon scheduling and time, Lisa Miller and Alfred Janicek, former Jailers in charge of overall jail conditions." *Id.* at 9. Plaintiffs explain that "[n]o other specific persons have yet been identified for these depositions, because Plaintiffs' investigator is continuing to attempt to contact former employees of the jail and former cellmates of Ivan Allen, and has encountered great difficulties in locating them" and that "[t]hese will only be scheduled if genuinely necessary and if believed to be helpful to development of Plaintiffs' case." *Id.* at 9-10.

Finally, Plaintiffs contend that they are entitled to production of the documents sought in the notices duce tecum where Defendants' objection that they "are being

15

asked to produced documents upon less than thirty days' notice" "rings hollow because the prior notices served on June 20, June 28, July 25, and July 28, 2016 [] contained the same document production lists" and where, "on July 14, 2016, Plaintiffs served their Fifth Request for Production of Documents, calling for the same groups of documents as the notices duces tecum. *Id.* at 10. According to Plaintiffs, "[n]one of these notices have been withdrawn; instead, Plaintiffs' counsel has only stated that he will agree to new dates for the depositions." *Id.* Plaintiffs therefore contend that "Defendants have already had more than thirty days to produce the documents in question, and have failed to do so." *Id.* And Plaintiffs assert that "[t]he documents in question are absolutely necessary, because they will demonstrate the institutional inadequacies of procedures for medical care for inmates"; that, "during the course of depositions of former employees, Defendants' counsel has asked numerous questions purportedly based upon that person's personnel file"; and that, "[s]o that counsel for all parties may operate on equal ground, Plaintiffs' counsel must have access to these files to determine whether the attempted grounds for impeachment of witnesses is founded or unfounded." *Id.*

After carefully reviewing the parties' arguments and filings, the Court determines that Plaintiffs have shown the show the necessity of the depositions that they took in reaching the prescribed 10-deposition limit without leave of court and the necessity of taking the proposed depositions of (1) Kris Wusterhausen, D.O., (2) Johnson County, Texas, (3) Southwestern Correctional, LLC, (4) LaSalle Management, LLC, (5) Bob Alford, and (6) Vernon Farthing, M.D. Providing more detailed

16

information for the first time in reply on the necessity of the depositions taken and to be taken is to be discouraged, but the Court determines that it appropriate to consider that information under the present circumstances. Under Rules 26(b)(1) and 26(b)(2), the Court determines that these six additional depositions are proportional to the needs of the case, considering the importance of the issues that Plaintiffs seek to address through the testimony sought through these deponents – four of which are named defendants and two of which are Defendants' retained or designated expert witnesses – and the importance of the testimony sought to resolving important issues in the case, particularly where these depositions are critical to Plaintiffs' preparation for trial in light of their lack of access to relevant information from these deponents without this testimony. And Defendants have not shown that any burden or expense of the proposed depositions outweighs their likely benefit.

This case highlights the importance of the parties' discussing early in the case the deposition testimony that each will seek and attempting to reach agreement on the number of depositions to be taken – or, failing that, at least an understanding of the depositions that each party will seek to take. But the Court does not find, on this record, that any alleged delay by Plaintiffs' counsel justifies denying Plaintiffs' request for leave.

At the same time, at this late stage of discovery, the Court determines that leave should not be granted under Rule 30(a)(2)(A) for taking the deposition of Eddie Williams and of any additional depositions of persons yet unknown and unidentified. Plaintiffs have not, as to their request for leave to take the deposition of Eddie

17

Williams and up to an additional five more depositions, adequately established the necessity of these depositions in light of the Rule 26(b)(1) and Rule 26(b)(2) considerations, including the Rule 26(b)(1) proportionality factors.

Finally, as to the duces tecum, Defendants seek a protective order only because they are given less than 30 days to respond. But Defendants have not shown that these document requests were served with less than 30 days to respond, as Plaintiffs have demonstrated that the document requests were previously served with deposition notices as well as, at least in part, Plaintiffs' timely-served Fifth Request for Production of Documents. Accordingly, the Court denies Defendants' request for a protective order as to – or quashal of – the duces tecum attached to the six deposition notices for which the Court is granting leave.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part the Motion of Plaintiffs for Leave to Take Depositions [Dkt. No. 89].

SO ORDERED.

DATED: August 23, 2016

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE