IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BONNIE ALLEN-PIERONI, ET AL., § § Plaintiffs, § § v. § SOUTHWESTERN CORRECTIONAL § LLC, ET AL., § § Defendants. § | Civil Case No. 3:13-cv-4089-M |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Kristi L. White, individually and on behalf of the Estate of Ronald Ray Beesley and as Next Friend of Ronald Ray Beesley II, and Alice Diane Millery, individually and on behalf of the Estate of Ronald Ray Beesley (collectively, "Movants"), have brought a lawsuit against Southwestern Correctional LLC, LaSalle Management Company LLC, Johnson County, Texas, Bob Alford, Eddie Williams, David Blakenship, John Doe 1-5, and Jane Doe 1-5 (collectively, "Respondents"). In that lawsuit, *Kristi L. White et al., v. Southwestern Correctional LLC, et al.*, Case No. 3:16-cv-448-B (N.D. Tex. 2016), Movants allege that "Mr. Beesley complained of severe chest pain"; that "[a]s was the custom and established practice for the Johnson County Enforcement Center, Mr. Beesley's pain and extreme discomfort was ignored and left unattended to"; and that he died as a result. Dkt. No. 121-2 at 2.

In this case, Movants have filed a Motion to Intervene for Limited Purpose, *see* Dkt. No. 121, which Chief Judge Barbara M. G. Lynn has referred to the undersigned

United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b), *see* Dkt. No. 122.

Movants ask to intervene in this closed case for the limited purpose of amending the Stipulated Confidentiality Agreement and Protective Order ("the Confidentiality Order") "governing discovery materials, to allow use of such materials in" *White*. Dkt. No. 121 at 1-2. They contend that *White* is a related case filed in the same district and division as this action.

Respondents have filed a response, *see* Dkt. No. 123, and Movants have filed a reply, *see* Dkt. No. 124.

The undersigned now concludes that Movants' motion should be DENIED for the reasons explained below.

**Background**

Movants ask the undersigned to intervene in this closed action to amend the Confidentiality Order so that they can, in *White*, utilize the discovery materials produced in this action. The Confidentiality Order presently provides that "[d]isclosure of Confidential Material ... shall be only for the purposes of preparation and hearing of this lawsuit, and for no other purposes whatsoever." Dkt. No. 84 at 5. Movants stress that, if their request is granted, the use of any materials produced would be "subject to the same confidentiality restrictions and protections already contained in the existing Confidentiality Order." Dkt. No. 121 at 3. They add that any discovery from this case would not be directly admissible in *White*. Instead, "any issues concerning

relevance and admissibility at trial [in *White*] will not be foreclosed by allowing use of the discovery from this case." *Id.* at 8.

Movants contend that they should be allowed to intervene for two reasons.

First, they note that they "are asserting claims virtually identical" to those asserted by Plaintiffs in this action, and "against virtually the same Defendants," *id.* at 3-4 – although Movants also assert claims against Eddie Williams, whom they "believe[] to be an employee of Southwestern Correctional, and David Blankenship, an employee of Johnson County in the Sheriff's office, reporting to Bob Alford," *id.* at 4 n.1. Plaintiffs in this action alleged that Ivan Allen died due to inadequate or nonexistent medical treatment while incarcerated in Johnson County Jail in 2011, and Movants allege in *White* that Ronald Ray Beesley died due to inadequate or nonexistent medical treatment while incarcerated in the same jail in 2015. *Id.* at 4.

Second, Movants contend that "[a]llowing use of such materials from this case in the parallel *White* case will save time and energy on the part of all parties and counsel in such parallel case, and facilitate the development of discovery therein." *Id.* at 8 (citing *Newby v. Enron Corp.*, 443 F.3d 416, 424 (5th Cir. 2016)).

Respondents disagree. They contend that Movants are not entitled to permissively intervene in this action because (1) this motion is not timely where Movants filed it more than 60 days after this action was closed, thereby prejudicing Defendants in this action; (2) Movants have not shown that they share a common question of law or fact with this action; (3) Respondents' counsel have not had access

-3-

to the discovery produced in this action and, as a result, Respondents would be prejudiced if their counsel had to now review these documents; and (4) Movants have failed to itemize and designate the discovery needed that justifies altering the Confidentiality Agreement, even assuming intervention is allowed.

Respondents also contend that Movants are not entitled to intervention as of right – even though Movants have not sought to intervene in this action through that mechanism. *See* Dkt. No. 124 n.1; *Newby*, 443 F.3d at 424 (providing that "nonparties to a case routinely access documents and records under a protective order or under seal in a civil case" pursuant to Federal Rule of Civil Procedure 24(b)(2)).

## Legal Standards

The proper method for a nonparty to seek relief from a protective order to obtain documents is to seek to intervene under Federal Rule of Civil Procedure 24 in the action from which the protective order derives. *See In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979) ("There is no question that the procedurally correct course" for seeking access to documents subject to a protective order "would have been first to obtain status in the suits as intervenors."); *Weiss v. Allstate Ins. Co.*, Civ. A. No. 06-3774, 2007 WL 2377116, at *2 (E.D. La. Aug. 16, 2007) ("Intervention through Rule 24 is 'the procedurally correct course' for nonparties to seek to challenge or modify protective orders." (quoting *Beef*, 589 F.2d at 789)).

Nonparties seeking to intervene for this purpose after the main controversy has been disposed must first demonstrate that they have standing to intervene in the action. *See Deus v. Allstate Insurance Co.*, 15 F.3d 506, 526 (5th Cir. 1994); *cf. Newby*,

443 F.3d at 422 (finding that "the Court in *Deus* arrived at its holding ... in light of its having just dismissed the plaintiff's claim" and explaining that, "[i]n contrast, there is no Article III requirement that intervenors have standing in a *pending* case").

They must then show that they satisfy the requirements for intervention under Rule 24. There is no indication that Movants are entitled to intervention of right. And, in any event, Movants appear to seek to intervene only through permissive intervention pursuant to Rule 24(b)(2). *See* Dkt. No. 124 at 2 n.1; *Newby*, 443 F.3d at 424 (explaining that "nonparties to a case routinely access documents and records under a protective order or under seal in a civil case" pursuant to Rule 24(b)(2)).

Movants must therefore satisfy the requirements for permissive intervention pursuant to Rule 24(b). Rule 24(b) states that, on "timely motion," a court "may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1).

"Next, the court must exercise its discretion as to whether to allow intervention." *Weiss*, 2007 WL 2377116, at *2 (citing *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir. 1984)). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," FED. R. CIV. P. 24(b)(3), among other considerations.

Rule 24(c) also requires the prospective intervenor to serve on the parties both a motion to intervene and "a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). This "pleading" requirement may be met by attaching a pleading that demonstrates the common questions of law and fact

between the two cases. *See, e.g.*, *Sunbelt Veterinary Supply, Inc. v. Int'l Bus. Sys. United States, Inc.*, 200 F.R.D. 463, 466 (M.D. Ala. 2001) ("Here, the proposed Intervenors have submitted copies of the complaints filed in the [collateral] lawsuits pending in other jurisdictions.").

**Analysis**

Respondents make a number of challenges to Movants' request for permissive intervention into this action. Respondents specifically argue that Movants "do not timely seek their intervention," Dkt. No. 123 at 5; have "not met the standard of having a claim or defense that shares with the main action a common question of law or fact," *id.* at 6.; and "have failed to itemize and designate the discovery needed [in *White*] that justifies altering the Confidentiality Agreement" in this case, *id.* at 7.

The undersigned does not address these arguments. The undersigned, instead, concludes that the motion should be denied because Movants have failed to demonstrate that they have standing to intervene. *See Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002) (citing *SEC v. Forex Asset Mgmt., LLC*, 242 F.3d 325, 328 (5th Cir. 2001) ("Although Article III constitutional standing was not raised by the parties or considered by the district court, we must – where necessary – raise it *sua sponte*.")).

The United States Court of Appeals for "the Fifth Circuit has concluded that a third party seeking to intervene to challenge a protective order after the main controversy has been disposed of must demonstrate standing." *Bond v. Utreras*, 585

F.3d 1061, 1072 (7th Cir. 2009) (citing *Deus*, 15 F.3d at 526). "In the Fifth Circuit's view, while 'there is no Article III requirement that [such] intervenors have standing in a *pending* case,' [*Newby*, 443 at 422], 'a third party challenge to a protective order *after* the plaintiff's claims have been dismissed cannot be maintained if the third party 'ha[s] no personal interest affording ... standing to intervene,' *Deus*, 15 F.3d at 526." *Bond*, 585 F.3d at 1072.

This is largely because "Article III, Sec. 2 limits federal courts' jurisdiction to 'cases' and 'controversies.'" *Ruiz v. Estelle*, 161 F.3d 814, 829 (5th Cir. 1998) (quoting U.S. CONST. Art. III, Sec. 2). In cases where a valid Article III case-or-controversy is present, "the court's jurisdiction vests," and "[t]he presence of additional parties, although they alone could independently not satisfy Article III's requirements, does not of itself destroy jurisdiction already established." *Id.* at 832. But, in the absence of a live case or controversy, a party seeking to intervene must have independent grounds that would provide the court with jurisdiction to act.

The Court has disposed of the main controversy in this action. *See* Dkt. No. 124 n.1 ("Here, intervention is being sought, after final disposition").The parties in this action signed a joint stipulation of dismissal with prejudice on September 30, 2016 under Federal Rule Civil Procedure 41(a)(1)(A)(ii), *see* Dkt. No. 120 – well before Movants filed this motion on November 18, 2016 and before they filed a similar motion on October 14, 2016 before the Court in *White*. A proper Rule 41(a)(1) "'notice of dismissal is self-effectuating and terminates the case in and of itself; no order or other

action of the district court is required.'" *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 297 (5th Cir. 2016) (quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)). "Thus, once a plaintiff has moved to dismiss [under Rule 41(a)(1)], the case [i]s effectively terminated. The court ha[s] no power or discretion to deny plaintiffs' right to dismiss." *Bechuck*, 814 F.3d at 297.

As such, Movants must have an independent basis for standing to intervene in this action. They do not. "Standing is a judicially-developed doctrine designed to ensure an Article III court is presented by parties before it with an actual case or controversy." *Ruiz*, 161 F.3d at 829. "To establish standing, a party must allege a 'personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.' " *Id.* (quoting *Allen v. Wright*, 468 U.S. 737 (1984)). "That injury must be distinct and palpable ... and not abstract and conjectural or hypothetical." *Id.* (internal quotation marks omitted).

Movants have not attempted to allege that they have standing to intervene in this action. And nothing in their supporting briefs suggest that they could successfully do so. Movants make clear that they only seek to intervene, "after final disposition" of the case, Dkt. No. 124 at 1-2 n.1, "to allow use of the confidential discovery in a related case" against virtually the same defendants, Dkt. No. 121 at 3.

But the Fifth Circuit has already stated that "[t]he desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim, absent some underlying right creating standing for the

movants." *Deus*, 15 F.3d at 525. This is true even where the movants are seeking documents to vindicate rights in a related federal case against the same defendants. The Fifth Circuit found the decision in *Cunningham v. Rolfe*, 131 F.R.D. 587 (D. Kan. 1990), to be illustrative:

> [There], the court found that [the nonparty did not have standing to intervene] where the applicants were merely trying to gain access to discovery materials generated in an earlier products liability suit in their own products liability case [pending in the District of Utah] against the same defendant. In the absence of a claim or defense needing protection, the lack of an alternate remedy for NNOAC is of no consequence.

*Deus*, 15 F.3d at 525.

Movants' request is indistinguishable from the nonparty's request in *Cunningham*. Movants are thus not entitled to intervene in this action.

## Recommendation

The Court should DENY Movants' Motion to Intervene for Limited Purpose [Dkt. No. 121].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE